UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MELVIN D. PUGH** | **CIVIL ACTION NO. 21-3449** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **SCHYLER MARVIN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Melvin D. Pugh, a prisoner at Elayn Hunt Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately September 18, 2021, under 42 U.S.C. § 1983. He names the following defendants: District Attorney Schyler Marvin, Dr. John R. Herbert, II, Dr. John Odita, Dr. Maureen Heldmann, Dr. Keneth Yung, and Detective Roy Rawls, Jr.[1]

## Background

Plaintiff pled guilty to manslaughter and obstruction of justice. [doc. # 1-2, p. 36]. To date, he remains convicted. [doc. # 5, p. 2].

Plaintiff claims that District Attorney Marvin altered an autopsy report of Plaintiff's daughter to make the report coincide with a prosecution witness's testimony "at [Plaintiff's] guilty plea hearing . . . ." [doc. # 1, pp. 3, 5]. He alleges that Marvin altered the autopsy report "from its original cause of death of having one skull fracture . . . to multiple blunt force injuries . . . ." *Id.* at 5. He maintains that Marvin acted to "support the factual bases at the plea hearing . . . ." [doc. #s 1-2, p. 23; 1, p. 5].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff claims that, to support the prosecution, Dr. Herbert, II, Dr. Odita, and Dr. Heldmann included false information in their medical reports. [doc. # 1, p. 6].

Plaintiff also claims that, to support the prosecution, Dr. Yung included false statements in his summary of Plaintiff's daughter's death. *Id.*

Plaintiff claims that Detective Rawls, Jr., provided false statements to "other deputies." *Id.* at 7.

Plaintiff seeks compensation, and he asks the Court to prosecute defendants. [doc. # 1, p. 8].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state

a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey***

The Court should dismiss Plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994).

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 477. *Heck* applies in the context of guilty pleas because "[a] guilty plea is a conviction" in Louisiana. *State v. Thornton*, 521 So. 2d 598, 600 (La. Ct. App.), *writ denied,* 530 So. 2d 85 (La. 1988); *see Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (noting that a guilty plea is a conviction); *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) (holding that *Heck* applies even where a plaintiff pled guilty under

*Alford* and maintained his innocence).

Here, Plaintiff claims that District Attorney Marvin falsely altered evidence (an autopsy report) so the evidence would "support the factual bases at the plea hearing . . . . ." [doc. #s 1-2, p. 23; 1, p. 5]. Plaintiff similarly claims that, to support the prosecution, Dr. Yung included false statements in his summary of Plaintiff's daughter's death, and Dr. Herbert, II, Dr. Odita, and Dr. Heldmann included false information in their medical reports. [doc. # 1, p. 6]. Plaintiff also claims that Detective Rawls, Jr., provided false statements to "other deputies." [doc. # 1, p. 7].

Distilled, Plaintiff claims that defendants altered or fabricated evidence to aid the prosecution in obtaining a conviction. He alleges that defendants acted to "support the factual bases at the plea hearing" and to otherwise support the prosecution. Prevailing on any of his theories would necessarily imply the invalidity of his convictions.

A plaintiff may not "bring" a "fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution." *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019); *see Wyatt v. Richwood Corr. Ctr.*, 633 F. App'x 274, 275 (5th Cir. 2016) (affirming, where the plaintiff who pled guilty "asserted that officials manipulated and fabricated evidence against him," that *Heck* barred the claims because the claims would call "into question the legitimacy of his conviction . . . .").

In *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004), the Fifth Circuit held that *Heck* barred a Plaintiff's claims of evidence tampering, concealment, and perjury because a decision granting the claims "would necessarily imply that her conviction was invalid." *See Gonzalez v.*

5

*Garza*, 59 F.3d 1241 (5th Cir. 1995) (holding that claims that evidence was manipulated or withheld to corroborate perjured testimony "would be foreclosed by *Heck*.").[3]

Plaintiff may not seek relief for his claims until his conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Melvin D. Pugh's claims be **DISMISSED WITH PREJUDICE**, as frivolous and for failure to state claims on which relief may be granted, until the *Heck* conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[3] *See also Phillips*, 2021 WL at *2 (holding that claims of prosecutorial misconduct leading to an unlawful conviction implied the invalidity of the conviction); *Swanson v. Walker*, 64 F. App'x 418 (5th Cir. 2003) ("Swanson alleges that Officer Sterling made false statements concerning the search and seizure which led to his arrest and, ultimately, his conviction. Contrary to Swanson's assertion, a decision in his favor on this claim would necessarily imply the invalidity of that conviction."); *Lavergne v. Sheriff's Off. Acadia Par.*, 591 F. App'x 277, 278 (5th Cir. 2015) ("[Lavergene . . . contends] . . . that *Heck* does not apply because . . . because the false statements of Kent Kloster and Claire Higgingbottom were not used in the statement of facts or factual basis for his guilty plea convictions. Even if his claims were not time barred, Lavergne cannot overcome the *Heck* bar. Lavergne's claims arise out of the Shunick and Pate murder prosecutions, and they reflect his view that the prosecutions and his resulting guilty pleas were tainted. If the district court were to award Lavergne damages as to any of these claims, it would implicitly call into question the validity of his convictions."); *Busick v. Neal*, 380 F. App'x 392, 399 (5th Cir. 2010).

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 29th day of November, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge